UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CIT SMALL BUSINESS LENDING CORPORATION, <br>     Plaintiff, <br><br> v. <br><br><br> ADVANCED DENTAL CONCEPTS, P.C., <br> and FREDRICO A. DIXON, III, <br>     Defendants. | CIVIL ACTION NO. 3:12-474 <br><br> **MEMORANDUM OPINION** |

\*\*\* \*\*\* \*\*\* \*\*\*

This is an action to enforce a promissory note and the related security agreement. Currently pending is Plaintiff CIT Small Business Lending Corporation's Motion for Partial Summary Judgment and/or Judgment on the Pleadings as to Liability Against Defendant Advanced Dental Concepts, P.C. (DE 8). In response to the motion, Defendant Advanced Dental Concepts, P.C. states that it "does not contest facts set forth in its Answer and Plaintiff's motion," but asks that CIT's request to take possession of the collateral be denied until the Court conducts a hearing on damages. (DE 10). Because there are no disputed issues of fact as to this issue of liability, CIT's motion will be granted.

CIT's motion is brought under Federal Rule of Civil Procedure 56 for partial summary judgment or, in the alternative, Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. Courts apply similar standards under both rules. *Picker Int'l, Inc. v. Mayo Found.*, 6 F. Supp. 2d 685, 688 (N.D. Ohio 1998) (citing 5A Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1369 (2d. Ed.1990)). "However, it is not clear whether a Rule 12(c) motion should be granted when it would not dispose of the entire case." *Id.*

Pursuant to Rule 56, "[s]ummary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Mazur v. Young*, 507 F.3d 1013, 1016 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); Fed. R. Civ. P. 56. Similarly, a Rule 12(c) "motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991)). When faced with a Rule 12(c) motion, a court must take all well-pleaded material allegations of the pleadings of the opposing party as true, and the motion may be granted only if the moving party is clearly entitled to judgment. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973).

Here, because CIT requests only partial judgment covering the liability of Advanced Dental on the promissory note and the security agreement, and because Rule 56 allows for partial disposition of a case, the Court will proceed under Rule 56 rather than Rule 12(c).

CIT, a Delaware corporation, and Advanced Dental, a Tennessee professional corporation, entered into a promissory note for the principal amount of $771,000 in February 2006.[1] The promissory note has been subsequently modified and amended on several occasions. CIT loaned the funds to Advanced Dental so that Advanced Dental could finance the purchase of equipment, the purchase of fixtures, the purchase of a business known as Blanton Pediatric Dentistry, and have working capital. The promissory note provided that in the event of default by Advanced Dental, CIT, at its option, may declare all unpaid principal indebtedness, together

---

[1] Unless otherwise noted, the facts are drawn from the plaintiff's Complaint and accompanying documents (DE 1) and the defendants' Answer (DE 5).

with accrued interest, immediately due and payable, collect all amounts owing from Advanced Dental or the guarantor, file suit and seek judgment, take possession of any collateral, and sell, lease, or otherwise dispose of any collateral at public or private sale, with or without advertisement.

To secure payment on the promissory note, the two parties entered into a security agreement, whereby Advanced Dental granted a security interest to CIT in Advanced Dental's equipment, fixtures, inventory, accounts, instruments, documents, chattel paper, and general intangibles. The security agreement provides that if Advanced Dental defaulted under the promissory note, Advanced Dental "must assemble and make available all Collateral at a place and time designated by [CIT]." The security agreement also provides that CIT "may … exercise any of the rights and remedies available to a secured party" under Tennessee law.

Advanced Dental defaulted on the promissory note in July 2011 by failing to pay installments of the principal and interest when due. Advanced Dental's Answer admits the accuracy of the content of the promissory note and security agreement, that these agreements were valid and binding, and that Advanced Dental defaulted under and breached the security agreement by failing to pay the amounts required when due in protection of the security interest granted to CIT. Advanced Dental further admits that as of September 5, 2012, the principal balance due and owing to CIT under the promissory note was $502,508.25, plus unpaid interest of $22,244.60, late fees of $6,195.24, miscellaneous expenses of $376.30, and attorney's fees and costs of $7,451.00.

Based upon Advanced Dental's admissions in its Answer, there is no issue of material fact with regard to Advanced Dental's breach of the promissory note and security agreement. *See Nat'l Fitness Ctr., Inc. v. Atlanta Fitness, Inc.,* 902 F. Supp. 2d 1098, 1105 (E.D. Tenn.

3

Case 3:12-cv-00474-KC-CCS   Document 14   Filed 07/12/13   Page 3 of 4   PageID #: 103

2012) ("Under Tennessee state law, the essential elements of a breach of contract claim are: (1) the existence of an enforceable contract; (2) nonperformance amounting to breach; and (3) damages resulting from breach.") (citing *ARC LifeMed, Inc. v. AMC–Tennessee, Inc.,* 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)). As a result, it is clear that CIT has a contractual right to possess the collateral secured in payment of the admitted debt owed by Advanced Dental to CIT. Moreover, Tennessee law provides a secured party's right to take possession after default. Tenn. Code. Ann. § 47-9-609. After default, a secured party, pursuant to judicial process, "may take possession of the collateral; and without removal, may render equipment unusable and dispose of collateral on a debtor's premises under § 47-9-6710." *Id.* Additionally, and consistent with the security agreement, the statute further provides that, "[i]f so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." *Id.*

Advanced Dental has offered no authority in support of its proposition that repossession be delayed until damages are determined. Accordingly, for the reasons stated above, the Court will grant CIT's motion for partial summary judgment as to liability against Advanced Dental. An appropriate order will issue.

This the 12th day of July, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

4

Case 3:12-cv-00474-KC-CCS   Document 14   Filed 07/12/13   Page 4 of 4   PageID #: 104